IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ESTHER LUCERO,**

        Plaintiff,

vs.                                                                                   Civ. No. 11-697 RHS

**MICHAEL J. ASTRUE,**
Commissioner of the
Social Security Administration,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing with Supporting Memorandum (Doc. 17). The Court considered the Motion, Response (Doc. 19), Reply (Doc. 20), and the supporting documentation, and denies Plaintiff's Motion.

## CASE HISTORY

Plaintiff Esther Lucero asserts that she has been disabled since June 2006 due to back problems, depression and diabetes (Administrative Record (AR 144)). She filed a claim for social security benefits on April 2, 2008 (AR 128), which was denied on May 29, 2008 due to insufficient evidence (AR 77) and denied on reconsideration on August 15, 2008 (AR 79). After denial, Ms. Lucero requested a hearing (AR 90). The Administrative Law Judge (ALJ) held a hearing on November 18, 2009, which was attended by Ms. Lucero, her counsel, a vocational expert and the ALJ (AR 20). Ms. Lucero's attorney had the opportunity to question her client and the vocational expert (AR 57, 73). The ALJ's inquiry focused on Ms. Lucero's condition until June 2007 (AR 36), which is the last date that Ms. Lucero was insured for the purposes of a

social security disability claim (AR 80).  On May 18, 2010, the ALJ issued a written decision concluding that Ms. Lucero was not disabled as of her date last insured, June 30, 2007 (AR 10-15).  Ms. Lucero appealed to the Social Security Administration's Appeal Council, which declined review on June 17, 2011 (AR 1).  She filed suit in United States District Court on August 9, 2011 (Doc. 1).

## ISSUES FOR REVIEW

The parties agree that Ms. Lucero's date last insured was June 30, 2007 and that she must have had a disability before that deadline in order to be eligible for benefits (Doc. 17 at 1); however, the parties disagree whether Ms. Lucero was disabled by that time.  In determining disability, the ALJ is required to apply a five-step sequential evaluation process.  20 C.F.R. § 404.1520.  This Court reviews the ALJ's decision-making process.  At the first step of the analysis, the ALJ determined that Ms. Lucero was not engaged in "substantial gainful activity."  20 C.F.R. § 404.1520(a)(4)(i) (AR 12).  This finding was in Ms. Lucero's favor and is not one of the issues reviewed here.

In the second step, the ALJ considered whether Ms. Lucero had a medically determinable impairment (20 C.F.R. § 404.1521) before her date last insured and the ALJ found that Ms. Lucero did have medically determinable impairments: degenerative disc disease of the cervical/lumbar spine, diabetes mellitus, arthralgia, and restless leg syndrome (AR 12).  However, the ALJ found that Ms. Lucero's impairments were not severe enough to significantly limit her ability to perform basic work-related activities (AR 12).  Ms. Lucero asserts that the ALJ erred in not finding a severe impairment (Doc. 17 at 10).  She also contends that the ALJ erred in not developing the record, not properly evaluating her obesity, and improperly assessing her credibility.  Ms. Lucero's argument regarding medication side effects appears to have been

withdrawn in the reply brief (Doc. 20 at 5).

Because the ALJ concluded at step two that Ms. Lucero was not disabled by her date last insured, the ALJ did not analyze her case in light of steps, three, four and five, and they are not disputed or discussed here.

## STANDARD OF REVIEW

The Court's review of the administrative decision is both factual and legal. The factual findings at the administrative level are conclusive "if supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Grogan v. Barnhart, 399 F.3d 1257, 1259 (10th Cir. 2005). Substantial evidence is less than a preponderance, Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989).

As for the review of the ALJ's legal decisions, the Court reviews "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). The Court performs an independent review ". . . of the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence." Adams ex rel. D.J.W. v. Astrue, 659 F.3d 1297, 1301 (10th Cir. 2011) (citing Krauser v. Astrue, 638 F.3d 1324, 1327 (10th Cir. 2011)). However, the Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Adams, 659 F.3d at 1301.

## ANALYSIS

### I.
### Substantial Evidence Supports the ALJ Decision that Ms. Lucero Did Not Have A Severe Impairment By Her Date Last Insured (Step Two).

At step two, the ALJ determined that Ms. Lucero did not have a severe impairment

3

between June 1, 2006, the date she alleged that she became disabled, and June 30, 2007, the date she was last insured for social security disability benefits (AR 12).  As an overall opinion, the ALJ stated, "there is no functional evidence prior to the date last insured" (AR 14).

The ALJ considered several of Ms. Lucero's physical impairments and whether the impairments limited the ability to perform basic work-related activities.  The ALJ did find that Ms. Lucero had degenerative disc disease and arthralgia (AR 12).  However, the ALJ did not find that these impairments rendered Ms. Lucero unable to perform basic work-related activities.  Basic work activities include (1) physical functions such as walking, standing, sitting, lifting, (2) capacities for seeing, hearing and speaking, (3) understanding and carrying out simple instructions, (4) judgment, (5) responding appropriately to supervision and (6) dealing with changes in routine work setting.  20 C.F.R. § 404.1521(b).  Given that Ms. Lucero told the ALJ that she could not remember if she took pain medication during the time period she alleged that she was disabled by painful medical conditions (AR 39), it seems reasonable that the ALJ found that the degenerative disc disease and arthralgia were not impairments severe enough to merit a disability finding.  Ms. Lucero's brief has not cited to any medical evidence that the ALJ failed to consider to determine the severity of degenerative disc disease or arthralgia.

The ALJ also found that Ms. Lucero had diabetes, but noted that medical records from the relevant time period reflected that her diabetes was stable (AR 245).  Ms. Lucero's brief has not explained how controlled diabetes could constitute a severe impairment rendering her unable to engage in work-related activities.  The ALJ found that Ms. Lucero had restless leg syndrome (AR 14, 234), but there is not any explanation provided in the medical records or by Ms. Lucero regarding why restless leg syndrome would cause Ms. Lucero to be unable to work.

As for the fibromyalgia, Ms. Lucero did not mention it when she initially filed for

benefits (AR 144), but it was discussed at the hearing (AR 65) and in the briefing to the Court. Ms. Lucero cites to a physical exam conducted on April 17, 2008 by a non-treating physician, ten months after her last date insured, at which the physician noted, "History as well as examination is consistent with fibromyalgia" (AR 285). Even though this is not a decisive diagnosis, this is the document on which Ms. Lucero relies to prove that she had fibromyalgia from June 2006 to June 2007. The examining physician's report did not give any indication whether the physician thought Ms. Lucero had developed fibromyalgia prior to June 2007. The examining physician did not give any opinion whether the symptoms consistent with fibromyalgia imposed any functional limitations on Ms. Lucero's ability to work in April 2008, let alone ten months earlier when she was still insured. Ms. Lucero has not pointed the Court to any other medical records that the ALJ should have considered to determine that she did have fibromyalgia prior to June 2007 and that her fibromyalgia was severe enough during the insured period that she did not have the functional capacity to perform work-related activities.

Questions to Ms. Lucero at the hearing did not yield evidence that the ALJ could use to find that Ms. Lucero had fibromyalgia or any other severe impairment while she was insured. For example:

> ALJ: So were you prescribed any pain medication back during that period of time?
> Ms. Lucero: I really don't remember (AR 39).

> ALJ: Did you have this problem with your hands back between June '06 and June '07?
> Ms. Lucero: Not really (AR 48).

> ALJ: Did you have a problem with falling back between June '06 and June '07?
> Ms. Lucero: I really don't remember (AR 51).

> ALJ: Did you have the pains that you now know as fibromyalgia . . . in 2006 and 2007?

>Ms. Lucero: I believe I did. Maybe not as severe, but I was hurting a lot (AR 64).

Questions to the Claimant's counsel at the hearing also did not provide evidence supporting disability:

>ALJ: Ms. Martone, are you aware of any objective tests, X-rays, MRIs, anything like that that occurred during . . . the period between the alleged onset date and the date last insured.
>Ms. Martone: No, your honor, I don't see any MRIs or X-rays in the records (AR 38).

Ms. Lucero argues that the ALJ failed to consider fibromyalgia's unique characteristics (Doc. 17 at 11), but she does not spell out what unique characteristics the ALJ failed to consider and how those characteristics point to a definitive disability during the insured period. Ms. Lucero also argues that the ALJ failed to consider evidence dated after the date last insured that could have a bearing on the insured period (Doc. 17 at 11), but the ALJ clearly stated, "The undersigned has reviewed medical evidence from treatment dates after the claimant's date last insured to evaluate whether the evidence presents any deterioration of the claimant's health" (AR 14). Ms. Lucero has not shown the Court how this is any sort of misstatement. She also alleges that the ALJ failed to consider all of the evidence (Doc. 17 at 11), but does not specify what evidence the ALJ should have considered. In sum, there is not any reason to remand this issue because Ms. Lucero has not successfully argued that the ALJ erred in finding that she did not have a severe impairment by the date last insured.

## II.
### The ALJ Satisfied the Requirement to Develop the Record.

Ms. Lucero argues that the ALJ failed to develop the record (Doc. 17 at 14) because the ALJ did not order consultative examinations for the alleged fibromyalgia and the ALJ did not

order a consultative examination for mental impairments (Doc. 17 at 16).  More specifically, Ms. Lucero argues that the ALJ erred by not calling upon a medical advisor to determine the onset date of her alleged disability, which she contends is in violation of Social Security Ruling 83-20 (Doc. 17 at 14).  The administrative ruling states, "the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred."  SSR 83-20 at 3.  However, in this case it was not necessary for a disability onset date to be inferred because the ALJ determined that Ms. Lucero did not have a disability for the time period in question.  Furthermore, it appears that Ms. Lucero is missing a definitive diagnosis from a physician because she relies on a report that says her symptoms are "consistent with fibromyalgia," rather than an unequivocal diagnosis relating back to the time period in question.  As for the mental impairments, the ALJ agreed that Ms. Lucero does have medically determinable mental impairments (AR 14).  The ALJ applied a four-part analysis for evaluating mental disorders and did not find that Ms. Lucero's mental impairments were severe enough to prevent her from engaging in work activities, nor is there any aspect of the analysis that begs for further consultation.

     If it is determined that a claimant does not have a disability, it would be fruitless to call on a medical advisor to determine when disability began.  Social Security Ruling 83-20 on which Ms. Lucero relies addresses the Social Security Administration's policy with regard to disability onset dates and therefore is not applicable to a case where there is not any disability.  Because SSR 83-20 is not applicable, the ALJ did not commit reversible error by not calling upon a medical advisor to determine a disability onset date, and there is not any reason to remand this issue.

### III.
### The ALJ Did Not Err in Evaluating Obesity.

In briefs to the Court, Ms. Lucero argues that the ALJ should have considered her obesity and how it impacted her functional abilities (Doc. 17 at 16). At the hearing, the ALJ inquired about the claimant's weight and how it affected her. Ms. Lucero testified that she was approximately 5 feet, 3 inches tall and that she weighed 259 pounds in 2006 and 2007. When specifically asked, Ms. Lucero did not provide any information to the ALJ about how her obesity affected her ability to perform basic work activities (AR 66). The ALJ asked, "Back in 2006 and 2007, did your weight cause you any problems?" Ms. Lucero responded, "I still feel the same. I don't, you know, everybody would tell me, oh, if you lose weight, you'd feel better, but I just kept getting worse" (AR 66).

Counsel also had the opportunity to question Ms. Lucero about how her weight affected her ability to work and put this information in front of the ALJ so that he had testimony to evaluate, but counsel did not do so. The Social Security Administration sums up the concern for a reviewing court when an issue is not rasied at the hearing in front of the ALJ but then presented as reversible error during judicial review: "The court should not permit claimants to lay traps for unwary ALJs by ignoring an impairment, such as obesity, entirely during administrative proceedings but trumpeting the very same impairment as the source of reversible error on judicial review" (Doc. 18 at 24).

The Social Security Administration regulations state that obesity is a severe impairment when "it significantly limits an individual's physical or mental ability to do basic work activities." Social Security Ruling 02-1p. As discussed above, Ms. Lucero did not testify at the hearing to any way her obesity significantly limited her physical or mental ability to perform

basic work activities.  Neither does Ms. Lucero's brief to the Court point to any medical records documenting how Ms. Lucero's obesity affected her ability to work.  As such, there was not any information regarding Ms. Lucero's obesity and ability to work for the ALJ, or even the Court, to evaluate.  There is not any reason to remand this issue.

## IV.
## The ALJ Did Not Err in Evaluating Ms. Lucero's Credibility.

Ms. Lucero asserts that the ALJ erred in assessing her credibility (Doc. 17 at 20).  The ALJ found that "the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the finding that the claimant has no severe impairment or combination of impairments. . . ."  More specifically, the ALJ explained, "there are few detailed physical exams and little functional information other than comments on her mood/depression" (AR 14).

"Credibility is the province of the ALJ."  Hamilton v. Sec'y of Health & Human Servs., 961 F.2d 1495, 1499 (10th Cir. 1992).  An ALJ "is uniquely able to observe the demeanor and gauge the physical abilities of the claimant in a direct and unmediated fashion.  As a result, the ALJ's credibility findings warrant particular deference."  White v. Barnhart, 287, F.3d 903, 910 (10th Cir. 2002).   Notwithstanding this deference, an ALJ "is not entitled pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability," Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004) nor can the ALJ be selective of only those portions of the administrative record that support his or her conclusion while ignoring contradictory claims.

In the briefing to the Court, Ms. Lucero has not pointed to any objective medical evidence that the ALJ failed to review or that the Court can consider to determine if the ALJ

erroneously made a credibility finding that is based on selective parts of the record or contrary to the record.  Instead, Ms. Lucero relies on repeating her own testimony and a statement from her husband, which does not explain how the ALJ erred in evaluating her credibility.  She cites to Krauser v. Astrue, 638 F.3d 1324 (10th Cir. 2011) for the proposition that an ALJ errs when an ALJ misstates a claimant's testimony, but that is not the case here.  For example, in the ALJ's analysis of Ms. Lucero's mental functionality, the ALJ states that she can attend to her own hygiene (AR 14).  Ms. Lucero's counter-argument to this is that she dresses slowly and bathes herself (Doc. 17 at 18), which does not indicate that the ALJ misstated her testimony.  As the Social Security Administration's brief aptly states, "Plaintiff's argument and the actual text of the ALJ's decisions are ships passing in the night" (Doc. 19 at 22).  Since Ms. Lucero has not shown that the ALJ erred in evaluating her credibility, there is not any reason to remand this issue.

## CONCLUSION

In sum, the Social Security Administration's decision that Ms. Lucero is not disabled is supported by substantial evidence in the administrative record.  Therefore, the Court finds that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision (Doc. 17)  be denied and that the case be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that the Motion to Reverse and Remand for Rehearing with Supporting Memorandum (Doc. 17) is DENIED and this matter is dismissed with prejudice.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE